IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATIONAL WESTERN LIFE INSURANCE COMPANY,

**Plaintiff**,

v.

ASHLEY BORRERO-SOTOMAYOR;
EVA E. VÁZQUEZ-RIVERA;
JOHN DOE; JANE DOE; AND JOHN DOE AND JANE DOE, AS REPRESENTATIVES OF THE ESTATE OF ELUARD DOBAL-SANQUIRICO,

**Defendants.**

Civil No. 19-1834 (FAB)

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

National Western Life Insurance Company ("National Western") commenced this interpleader action. (Docket Nos. 1, 8.) The defendants in this case include unknown defendants and two named defendants whose citizenship is not alleged. The lack of information regarding the defendants' identity and citizenship poses serious concerns about the Court's subject matter jurisdiction. So does an apparent absence of a live dispute over entitlement to the money at issue in National Western's interpleader action. As discussed below, by July 10, 2020,

---

[1] Samantha Gowing, a second-year student at the University of Michigan Law School, assisted in the preparation of this Memorandum and Order.

National Western may file a second amended complaint in accordance with this memorandum and order, or risk dismissal of its amended complaint, without prejudice.

## I.  Factual and Procedural Background

National Western is an insurance company incorporated in Colorado with its principal place of business in Texas. (Docket No. 8 at p. 2.) National Western issued a life insurance policy ("policy") for Eluard Dobal-Sanquirico ("Dobal"). Id. at p. 4. Dobal passed away in 2019. Id. at p. 5.

National Western must return the policy's surrender value of $79,484.40 ("funds") to the proper person or persons. Id. National Western avers that many persons may have competing claims to the funds. Id. at p. 6.

To avoid future liability and litigation related to the funds, National Western commenced a civil action requesting the Court to order defendants to interplead as to who has a right to receive the funds. Id. While litigation is pending, National Western has requested an order allowing it to deposit the funds with the Court pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67. (Docket No. 6 at p. 1; Docket No. 8 at p. 6.)

National Western names three sets of possible recipients of the funds as defendants in this case: Eva E. Vázquez-Rivera ("Vázquez"), the agent through whom Dobal applied for the policy

and a beneficiary listed on the policy; Ashley Borrero-Sotomayor ("Borrero"), Dobal's goddaughter and a beneficiary listed on the policy; and Dobal's unidentified children ("unknown heirs"). (Docket No. 8 at pp. 1-2.) National Western has successfully served Vázquez, who resides in Puerto Rico. Id. at p. 2.

National Western does not allege the citizenship of any defendant. National Western alleged in the amended complaint that Vázquez and Borrero reside in Puerto Rico.[2] Id. National Western does not allege the identity, citizenship, or residence of Dobal's unknown heirs. Id.

## II.  Legal standard

Federal courts are courts of limited jurisdiction. Destek Grp., Inc. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004); see Fina Air Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008)(Besosa, J.)(noting that the Court "ha[s] the duty to construe [its] jurisdictional grants narrowly"). National Western shoulders the burden of establishing federal jurisdiction by a preponderance of the

---

[2] National Western has since stated that it now believes Borrero may live in Germany but has not identified her address. (Docket No. 13 at p. 3.)

Civil No. 19-1834 (FAB)                                                4

evidence.  See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992).

There is a split in authority over whether a federal court may assert diversity jurisdiction in a case originally filed in federal court with an unknown defendant. Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007).  The First Circuit Court of Appeals has not taken a position in this split.  Id.  District courts in the First Circuit have been wary of finding diversity jurisdiction in cases with an unknown defendant because of the "very troubling possibility" that the defendant's citizenship could eliminate the court's subject matter jurisdiction.  McMann v. Doe, 460 F. Supp. 2d 259, 264 (D. Mass. 2006); see, e.g., Kilgore v. Providence Place Mall, Civ. No. 16-135S, 2016 WL 3092990, at *2 (D.R.I.), adopted by 2016 WL 3093450, at *1 (D.R.I. June 1, 2016); White v. John Does 1-21, Civ. No. 13-171, 2013 WL 2177906, at *2-3 (D.N.H. May 17, 2013). The same concern applies to a defendant whose identity is known but whose citizenship is unknown.

A plaintiff may bring an interpleader claim pursuant to either Federal Rule of Civil Procedure 22 ("Rule 22" or "rule interpleader") or 28 U.S.C. section 1335 ("statutory interpleader").  Rule interpleader and statutory interpleader require different jurisdictional elements.

Civil No. 19-1834 (FAB)                                              5

To bring a rule interpleader claim, a plaintiff must establish federal jurisdiction in the usual way.  See U.S. Indus., Inc. v. Laborde, 794 F. Supp. 454, 459 (D.P.R. 1992) (Pieras, J.).  Federal question jurisdiction is not at issue here.  Diversity jurisdiction pursuant to 28 U.S.C. section 1332 requires complete diversity and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a); Álvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53 (1st Cir. 2009).  Complete diversity means that no plaintiff is a citizen of the same state as any defendant.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  "'Citizenship or domicile, not residence, is the basis of subject matter jurisdiction.'"  Aponte-Dávila v. Mun. of Caguas, 828 F.3d 40, 49 (1st Cir. 2016) (alteration omitted) (quoting Montle, 964 F.2d at 53).

The requirements to bring a statutory interpleader claim are distinct.  A plaintiff must establish jurisdiction through minimal diversity among "[t]wo or more adverse claimants" who "are claiming or may claim to be entitled to such money or property," the amount in controversy need only exceed $500, and that amount must be deposited with the court.  28 U.S.C. § 1335(a); State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967); Metro. Prop. & Cas. Ins. v. Shan Trac, Inc., 324 F.3d 20, 23 (1st Cir. 2003).  Minimal diversity means that at least two defendants must be citizens of different states.  State Farm, 386 U.S. at 530.

Civil No. 19-1834 (FAB)                                              6

The statutory interpleader provision regarding potential claimants bears emphasis. Statutory interpleader allows for interpleader claims over adverse claimants who not only "are claiming" but also those who "may claim" entitlement to money or property. By allowing an interpleader claim against potential claimants, statutory interpleader provides relief for those who have real reason to fear double liability, even though the potential claimants have yet to bring a formal claim to the money or property. See Metro. Prop., 324 F.3d at 23-24.

For example, in Metropolitan Property, the court held that the potential for adverse claims was sufficient to establish jurisdiction pursuant to statutory interpleader. Id. The claimants argued that they were not adverse to each other because they agreed among themselves to split insurance proceeds that were the subject of the interpleader action and because they were not seeking more than those proceeds. Id. at 23. The Metropolitan Property court explained that "under the statute it is enough that there 'may' be adverse claims by the interpled parties against the property or fund" and "[u]ntil the district court judgment, this certainly was a case in which adverse claims exceeding the value of the policy could have been brought by these very claimants." Id. The Metropolitan Property court also noted that "the claimants

own agreement appears to have been tenuous: there were arguments over the release language throughout the course of the suit." Id.

The deposit requirement of statutory interpleader also requires further attention. Deposit of the funds is a prerequisite to establishing subject matter jurisdiction pursuant to statutory interpleader. In re Sinking of M/V Ukola, 806 F.2d 1, 5 (1st Cir. 1986). Federal Rule of Civil Procedure 67 governs deposit of the disputed fund. Methven & Assocs. Prof'l Corp. v. Paradies-Stroud, Civ. No. 13-1079, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014); see also Fulton Dental, LLC v. Bisco, Inc., 860 F.3d 541, 545 (7th Cir. 2017) (observing that deposits pursuant to Rule 67 occur in many statutory interpleader actions).

Rule 67 allows deposits only in limited circumstances. Before the Court may grant a deposit, Rule 67 requires there to be a genuine dispute over entitlement to the money. Alstom Caribe, Inc. v. Reintjes Co., 484 F.3d 106, 113 (1st Cir. 2007). "Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion." Id. Accordingly, if only one person is declaring entitlement to money, that money cannot be deposited pursuant to Rule 67. Even if another person could also declare a competing entitlement, that is not enough to create a genuine dispute which is "live" and "extant" when the court would accept the deposit.

The Alstom Caribe standard, therefore, limits the situations in which statutory interpleader may be invoked. Although a plaintiff generally may bring a statutory interpleader action against "[t]wo or more adverse claimants" who "may claim to be entitled" to money, 28 U.S.C. § 1335(a)(1), there is no subject matter jurisdiction if a court cannot accept a deposit because of an absence of a "genuine dispute" that is "live" and "extant."

**III. Discussion**

National Western asserts that the Court has jurisdiction based on either diversity jurisdiction pursuant to 28 U.S.C. section 1332 or, in the alternative, statutory interpleader. The Court disagrees.

National Western cannot, at this time, invoke the Court's subject matter jurisdiction pursuant to statutory interpleader. National Western does not meet the standard for deposit pursuant to Rule 67. At least two people, Vázquez and Borrero, may have genuine claims to the funds. Only one defendant, however, appears to be declaring entitlement to the funds. Indeed, Vázquez appears to be the only defendant who is aware that the funds exist. The materials before the Court give no reason to believe that Borrero or anyone besides Vázquez is stating an entitlement to the funds. Thus, there is no genuine, live, and extant dispute, and National

Civil No. 19-1834 (FAB)                                                        9

Western cannot meet the deposit element of statutory interpleader. Alstom Caribe, 484 F.3d at 113.

Additionally, National Western has not shown that there is minimal diversity among the defendants.  National Western alleged the residence of Vázquez and Borrero, but it has not alleged the citizenship or domicile of any defendant.  (Docket No. 8 at p. 2.)

Meanwhile, National Western has not shown diversity jurisdiction pursuant to 28 U.S.C. section 1332.  National Western is incorporated in Colorado, and its principal place of business is in Texas.  Id.  The citizenship of Vázquez, Borrero, and the unknown heirs is not alleged.  Id.  Any of the defendants could turn out to be citizens of Texas or Colorado, in which case all defendants would not be diverse from National Western.

**IV. Conclusion**

**National Western is allowed until July 10, 2020, to file a second amended complaint in accordance with this memorandum and order.**  Failure to do so may entail the dismissal of the amended complaint, without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 12, 2020.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE